UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:11-CR-102 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| JACKIE MORRISON ) | |

**MEMORANDUM**

Before the Court are a number of post-trial motions filed by Defendant Jackie Morrison ("Defendant") (Court File Nos. 265, 284, 285, 309). One of the motions is a timely filed motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. Because the Court thinks it would benefit from argument of counsel, it will reserve ruling on this motion until the time set for sentencing. Counsel should be prepared at the sentencing hearing to argue this motion.

In addition to Defendant's Rule 29 motion, he filed a motion to allow defense counsel to interview the jury (Court File No. 284). Defendant also filed a motion for disclosure of a sealed motions relevant to two of the co-defendants in this case, one of whom testified at trial and was recently sentenced (Court File Nos. 285, 309). For the following reasons the Court will **DENY** these motions (Court File Nos. 284, 285, 309).

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Defendants were originally indicted in a sixty-three-count indictment on November 22, 2011. The original three defendants were Morrison, Nance, and co-defendant Ollie Frizzell, who subsequently pleaded guilty. The Government later superseded with another sixty-three-count indictment, adding co-defendant Julio Barbosa, who pleaded guilty as well. After Defendant Morrison filed a motion for return of property, the Government superseded again adding the property in question to the extensive forfeiture allegations. Finally, the Government filed the Third

Superseding Indictment containing thirty-eight counts. Nance was charged in four counts. Count One alleged Nance was involved in a conspiracy to distribute marijuana and Counts Two through Four alleged actual instances of distribution. Defendant Morrison was charged in thirty-five counts, which included conspiracy to distribute marijuana, possession with intent to distribute marijuana, maintaining a residence for the purpose of distributing marijuana, possessing a firearm in furtherance of a drug trafficking offense, receiving a firearm while under indictment for a felony, conspiring to commit money laundering, and structuring transactions with financial institutions for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a) in violation of 31 U.S.C. § 5324(a)(3).[1] This case involved a marijuana distribution conspiracy between Defendant, in Marion County, Tennessee and Barbosa, in Laredo, Texas. The Government introduced evidence the conspiracy occurred between January 2004 and November 2011. Defendant's phone records document a number of one- or two-day trips to Lancaster, Texas between 2007 and 2011. He placed over two hundred phone calls to Barbosa's residence in Laredo, Texas. Morrison also called Nance over 1,000 times and Frizzell over 1,200 times.

On November 14, 2011, law enforcement received information indicating Defendant traveled to Texas to acquire another load of marijuana. An interdiction unit stopped Defendant's vehicle on separate probable cause and recovered sixty-six pounds of marijuana. Defendant then admitted to being a participant in the conspiracy and admitted he returned from Texas where he had purchased the marijuana. He admitted to purchasing marijuana this way multiple times. He also admitted wiring $22,000 to Barbosa's bank account during the prior six months.

Law enforcement later searched Defendant's and Frizzell's homes, finding twenty-two

---

[1] Defendant was also charged with possessing unregistered firearms as defined in 26 U.S.C. § 5845(a)(8) but the Government moved to dismiss that count at trial.

pounds of marijuana in the latter as well as drug paraphernalia. Frizzell confessed to her role in the conspiracy and confirmed Defendant's involvement. The Government offered evidence the conspiracy involved distribution of approximately 1,000 to 1,500 pounds of marijuana. The Government also submitted evidence of a number of wire transfers through services like Western Union in which Defendant used false names to conceal the source of the funds.

Additionally, the Government offered evidence Defendant's ostensible legitimate business was a front for his drug trafficking operation. In order to show this, the Government submitted expert testimony, tax records, and bank deposits. The Government also offered evidence Defendant's construction business utilized stolen property. As a part of this front operation, Defendant would structure his deposits into his business accounts to avoid reporting requirements and then would withdraw a large amount of money to purchase investment devices, including certificates of deposit. According to the evidence offered at trial, Defendant would commingle his legitimate and illegitimate business income to disguise its source.

The jury convicted Defendant of conspiracy to distribute marijuana, possession with intent to distribute marijuana, and structuring transactions with financial institutions for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a) in violation of 31 U.S.C. § 5324(a)(3). Defendant was acquitted of the other charges. Nance also proceeded to trial, although he pleaded guilty to Counts Two through Four. Nance was acquitted of Count One, which alleged his involvement in the larger conspiracy to distribute marijuana.

## II.   DISPOSITION

Defendant moves the Court to allow counsel to contact the jurors in this case and interview them about their decision. One juror apparently contacted counsel's office to inquire about the potential sentence Defendant will face. Counsel now seeks leave to contact the jurors to discuss the

verdict and forfeiture decisions. Counsel also notes the jury expressed a desire to make a statement about forfeiture but returned its decision before it was able to do so. Now counsel, upon receiving an unsolicited phone call, wishes to contact the jurors because they "sat through all of the proof, may be of some assistance to counsel and the Court in addressing issues at sentencing regarding the proof at trial and forfeiture."

By local rule, litigants are barred from contacting the jury as a matter of course. E.D. Tenn. L.R. 48.1 ("Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial."). The Court sees no reason to grant counsel permission to contact the jurors in this case. Although counsel speculates the jurors' views may be of assistance at sentencing, the Court is unable to identify any relevancy the jurors' views could bear to the Court's sentencing determination. Based upon Fed. R. Evid. 606(b) it is highly unlikely anything gained from a juror could be used as evidence in Defendant's sentencing hearing or any other hearing. ("During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.") Accordingly, the Court will **DENY** Defendant's motion (Court File No. 284).

Defendant also requests the Court allow disclosure of sealed motions relevant to co-defendant Barbosa's sentencing. Defendant seeks disclosure of these motions to see whether they constitute "Brady material for sentencing." Although "*Brady*'s obligations 'appl[y] to evidence material to sentencing,'" *Jefferson v. United States*, 730 F.3d 537, 554 n.4 (6th Cir. 2013), Defendant appears to seek disclosure of these motions not for sentencing but to uncover possible

misconduct at trial:

> The information contained in the substantial assistance motions will help to show the full extent of the agreement between the Government and Mr. Barbosa and will reveal whether the Government fully disclosed the extent of cooperation to the defendant prior to trial and whether Mr. Barbosa was completely truthful in his testimony about the extent of his cooperation when cross-examined by defense counsel at trial. It may also reflect on sentencing issues, though until the presentence report is prepared and completed, the defendant is unable to specifically state which sentencing issues may be impacted.

(Court File No. 285, p. 2). Because Defendant is unable to identify how these sealed motions could be relevant at sentencing, the Court will **DENY** Defendant's motion (Court File No. 285).

Defendant later filed a similar motion seeking disclosure of a sealed memorandum filed by co-defendant Frizzell (Court File No. 309). Assuming that this memorandum, which must have been served on the Government, contains information about Frizzell's mental health, Defendant argues this might contain *Brady* material as well. Defendant notes the Government seeks a role adjustment in part on the basis of Defendant's relationship to Frizzell. Defendant persists in his argument, made frequently at trial, that Frizzell's statements to law enforcement are unreliable because she suffers from mental health problems. Defendant concedes Frizzell did not testify at trial, but argues that he is entitled to any statements in Frizzell's sentencing memorandum about Defendant in keeping with due process. Since there is no indication that the Government intends to rely on any of the contents of the sealed memorandum at sentencing, Defendant has again failed to identify a basis for which the Court could conclude it necessary to unseal a document that bears on the sensitive personal information of a co-defendant. This motion will also be **DENIED** (Court File No. 309).

## IV.    CONCLUSION

For the foregoing reasons, the Court will reserve ruling on Defendant's motion for judgment of acquittal (Court File No. 265). The Court will **DENY** Defendant's motion for leave to contact the jurors in this case (Court File No. 284) and Defendant's motions for disclosure of sealed motions

(Court File No. 285).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**